OPINION OF THE COURT
Anne G. Feldman, J.
This decision is an amplification of a ruling issued from the Bench prior to trial. Defendant moves this court to find CPL *166 400.27 (3) unconstitutional on its face because at a capital sentencing proceeding it bars defendant from challenging aggravating factors proven at trial and requires the sentencing jury to deem those aggravating factors established beyond a reasonable doubt. In the alternative defendant urges this court to refrain from instructing the sentencing jury that an aggravating factor.proven at trial shall be deemed established beyond a reasonable doubt and to permit defendant to challenge the basis for any proven aggravating factor directly or through mitigation evidence.[1]
Specifically, defendant argues that by prohibiting a direct challenge to the existence of aggravating factors the statute (1) fails to allow for individualized sentencing; (2) permits the imposition of the death penalty based on aggravating factors that defendant has not had a meaningful opportunity to litigate; and (3) improperly limits defendant’s presentation of mitigating evidence. Defendant makes this motion pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and article I, §§ 1 through 6, 11 and 12 of the New York Constitution. The prosecution contends that New York’s statutory scheme for sentencing in capital cases meets all constitutional standards and that defendant’s argument to the contrary lacks merit.
For the following reasons the court agrees with the People and finds CPL 400.27 (3) to be constitutional.
1. Defendant’s motion misconceives the role of the aggravating factors under the New York statute.
2. Defendant may challenge the facts behind the aggravating factors by presenting as mitigating evidence “[a]ny other circumstance concerning the crime, the defendant’s state of mind or condition at the time of the crime * * * that would be relevant to mitigation or punishment for the crime.” (CPL 400.27 [9] [f].)
3. Defendant has no constitutional right to relitigate the aggravating factors in order to create a lingering doubt in the jurors’ minds.
*167 A brief summary of the relevant statutory provisions is necessary to put in proper perspective the issues raised in defendant’s motion.
The guilt and sentencing phases of New York’s capital punishment scheme are separate and distinct proceedings which are integrally connected. Except under “extraordinary circumstances and upon a showing of good cause” the same jury that finds a defendant guilty of murder in the first degree determines the appropriate punishment after a sentencing procedure (CPL 400.27 [2]). At this proceeding “the only aggravating factors that the jury may consider are those proven beyond a reasonable doubt at trial” (CPL 400.27 [3]).[2] The existence of such aggravating factors or the extent to which they were proven at trial “shall not be relitigated.” (CPL 400.27 [3].)
At the sentencing proceeding a defendant may present any evidence relevant to any of the mitigating factors enumerated in CPL 400.27 (9).[3] The only evidence the prosecution may introduce would be as rebuttal to the mitigating evidence offered by defendant (CPL 400.27 [6]). When presenting rebuttal evidence the People shall be bound by the usual trial rules of evidence while defendant is permitted to present reliable hearsay evidence in support of mitigating factors. (CPL 400.27 [6].) Individual jurors may consider any mitigator established if it was proved by defendant to the satisfaction of those jurors *168 by a preponderance of the evidence. Unanimity is not required. (CPL 400.27 [11] [a].)
Unanimity is, however, required before the jury may determine beyond a reasonable doubt that the aggravating factors substantially outweigh the mitigating factors. Even if such a finding is made the death penalty cannot be imposed unless the jury then unanimously so determines (CPL 400.27 [11] [a]).
The Eighth Amendment of the United States Constitution requires that the death penalty be both appropriate and that it not be imposed randomly. To meet this concern a State sentencing scheme must establish a “threshold below which the death penalty cannot be imposed. In this context, the State must establish rational criteria that narrow the decisionmaker’s judgment as to whether the circumstances of a particular defendant’s case meet the threshold.” (McCleskey v Kemp, 481 US 279, 305.) Moreover, “[t]o pass constitutional muster, a capital sentencing scheme must ‘genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.’ ” (Lowenfield v Phelps, 484 US 231, 244, quoting Zant v Stephens, 462 US 862, 877.) Thus the discretion afforded the sentencing authority “must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action.” (Gregg v Georgia, 428 US 153, 189.)
Statutory aggravating factors serve this purpose by narrowly defining the types of murder punishable by death (see, Jurek v Texas, 428 US 262, 271; Gregg v Georgia, supra, at 199). “ ‘[Statutory aggravating circumstances play a constitutionally necessary function * * * they circumscribe the class of persons eligible for the death penalty’ ” (Lowenfield v Phelps, supra, at 244).
The capital sentencing proceeding must also rest on an individualized inquiry wherein the jury is required to consider the character and record of the individual offender and the circumstances of the particular offense (McCleskey v Kemp, supra, at 303). “States cannot limit the sentencer’s consideration of any relevant circumstance that could cause it to decline to impose the penalty. In this respect, the State cannot channel the sentencer’s discretion, but must allow it to consider any relevant information offered by the defendant.” (Supra, at 306.)
The New York statutory scheme fulfills both of these requirements. Penal Law § 125.27 (1) narrows the class of death-eligible persons by delineating 12 separate aggravating factors, *169 each of which contains a specific aggravating factor which raises the particular crime above the vast majority of murders. Only these enumerated aggravators, if proven at trial, are incorporated as established into the sentencing phase. As to the requirement that sentencing be imposed on an individualized basis, the statute provides for a wide range of mitigators, allowing the sentencing jury to consider “any aspect of a defendant’s character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death” (Lockett v Ohio, 438 US 586, 604).
Defendant’s argument that banning relitigation of the aggravating factors is constitutionally impermissible misinterprets the role of aggravating factors as articulated by the Supreme Court in Lowenfield v Phelps (supra). There the Court upheld Louisiana’s sentencing scheme which provided that an aggravating factor which duplicated an element of the offense of which the defendant had been convicted could form the basis of eligibility for a death sentence determination. In so holding the Court said: “Here, the ‘narrowing function’ was performed by the jury at the guilt phase * * * The fact that the sentencing jury is also required to find the existence of an aggravating circumstance in addition is no part of the constitutionally required narrowing process * * * [The State statutory] scheme narrows the class of death-eligible murderers and then at the sentencing phase allows for the consideration of mitigating circumstances and the exercise of discretion. The Constitution requires no more.” (Supra, at 246.)
The sentencing scheme in New York goes beyond the threshold requirement of Lowenfield (supra). New York employs a weighing system which mandates that the aggravating factor or factors must substantially outweigh the mitigating evidence before a death sentence can be considered.
Citing Stringer v Black (503 US 222), defendant argues that the establishment of aggravating factors at the guilt phase makes the weighing process meaningless because it undermines the constitutional requirement of individualized sentencing. Defendant’s reliance on Stringer is, however, misplaced. The Court held in Stringer that where a State statute employs a weighing system which requires the jury to balance aggravating and mitigating factors, the inclusion of an invalid vague aggravating factor in the deliberations skewed the weighing process. Here the only aggravating factors the jury will be given to consider are those established by its guilty verdict after trial.
*170 Defendant’s claim that denying him the right to directly challenge the aggravators deprives him of his right to an individualized sentencing determination is not persuasive. The statute imbues the jury with considerable discretion to evaluate a broad range of mitigation evidence and therefore provides for individualized sentencing.
The court rejects defendant’s claim that the sentencing scheme deprives defendant of a meaningful opportunity to challenge aggravating factors. Pursuant to CPL 400.27 (9) (f) the defendant can seek to contradict the evidence of the aggravating factors by introducing mitigating evidence designed to temper the “circumstance [s] [of the] crime [and] * * * defendant’s state of mind * * * at the time”. While any such mitigation evidence is subject to rebuttal by the People this does not mean that defendant is deprived of the opportunity to introduce evidence intended to cast a different light on the crimes of which he has been convicted.
Defendant also urges that he has a right to cultivate a residual or lingering doubt in the jurors’ minds concerning his guilt by formally presenting evidence intended to challenge the aggravating factors. This argument is overreaching.
In Lockhart v McCree (476 US 162, 181), the Supreme Court recognized that under statutes where a single jury considers both defendant’s guilt and sentence there exists the “possibility that, in at least some capital cases, the defendant might benefit at the sentencing phase of the trial from the jury’s ‘residual doubts’ about the evidence presented at the guilt phase.” However, “Lockhart did not endorse capital sentencing schemes which permit such use of ‘residual doubts,’ let alone suggest that capital defendants have a right to demand jury consideration of ‘residual doubts’ in the sentencing phase.” (Franklin v Lynaugh, 487 US 164, 173.)
Residual doubt is of course part of human nature. However, because it is not a fact about the defendant or the circumstance of the crime it cannot be considered to be a mitigating circumstance. It is instead “a lingering uncertainly about facts, a state of mind that exists somewhere between ‘beyond a reasonable doubt’ and ‘absolute certainty’.” (Franklin v Lynaugh, supra, at 188 [O’Connor, J., concurring].) Complying with defendant’s request that he be permitted to contest the adequacy of aggravating factors at the penalty phase would effectively raise the prosecution’s burden from proof beyond a reasonable doubt to proof with absolute certainly. While no court can expunge instinctive human behavior from the minds *171 of members of a jury there is no constitutional basis for requiring it to allow defendant to relitigate the finding of his guilt to establish a residual doubt.
Accordingly, defendant’s motion is denied.

. This argument offers little in the way of a realistic alternative. For the court to rule as requested would be tantamount to holding the statutory provision unconstitutional. Although defendant refers several times in his motion to his right to introduce “mitigation evidence” to contest the aggravators the thrust of his argument is that he should be able to challenge the aggravators directly. As noted infra the statute does not preclude him from contesting the aggravators through mitigation evidence offered pursuant to CPL 400.27 (9) (f).

. CPL 400.27 (7) contains two exceptions to this rule but neither applies to this case.

. CPL 400.27 (9) states as follows:
“Mitigating factors shall include the following:
“(a) The defendant has no significant history of prior criminal convictions involving the use of violence against another person;
“(b) The defendant was mentally retarded at the time of the crime, or the defendant’s mental capacity was impaired or his ability to conform his conduct to the requirements of law was impaired but not so impaired in either case as to constitute a defense to prosecution;
“(c) The defendant was under duress or under the domination of another person, although not such duress or domination as to constitute a defense to prosecution;
“(d) The defendant was criminally liable for the present offense of murder committed by another, but his participation in the offense was relatively minor although not so minor as to constitute a defense to prosecution;
“(e) The murder was committed while the defendant was mentally or emotionally disturbed or under the influence of alcohol or any drug, although not to such an extent as to constitute a defense to prosecution; or “(f) Any other circumstance concerning the crime, the defendant’s state of mind or condition at the time of the crime, or the defendant’s character, background or record that would be relevant to mitigation or punishment for the crime.”